UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GORDON DAVENPORT,<br><br>   Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>   Defendant. | NO. CV-11-03063-JLQ<br><br>ORDER DENYING MOTION TO AMEND JUDGMENT |

BEFORE THE COURT is Plaintiff's Motion to Alter or Amend the Judgment pursuant to Fed.R.Civ.P. 59(e). (ECF No. 28). The Commissioner has filed a Response (ECF No. 29). No Reply was filed. The matter was taken under submission on the briefs on June 27, 2013, when the parties failed to appear for oral argument.[1]

**I. Introduction**

This court entered its Memorandum Opinion affirming the decision of the Commissioner, which found that Plaintiff was not disabled and denied benefits, on March 14, 2013, and Judgment was entered that same date. Plaintiff timely filed the instant Motion within 28-days of the entry of Judgment on April 10, 2013. Plaintiff argues this court "committed clear error by finding:  (1) the ALJ did not have to address the medical source opinion of Dr. Trula Thompson; (2) the ALJ's

---

[1] Plaintiff's counsel had called chambers to request a date for oral argument.  He was given an oral argument time of June 27, 2013 at 3:00 p.m., and he then noticed the Motion for such time. Plaintiff's counsel failed to appear for oral argument. He was contacted via telephone by chambers staff and informed the Motion would be considered submitted.

ORDER - 1

error at step four was harmless error; and (3) the ALJ gave valid reasons for failing to recuse himself." (ECF No. 28, p. 2). The Commissioner contends that the Motion merely presented reargument of issues already determined and should be denied.

## II. Rule 59 Standard

Under Rule 59(e), it is appropriate to alter or amend the judgment only if: 1) the court is presented with newly-discovered evidence, 2) the court committed clear error or the initial decision was manifestly unjust, or 3) there is an intervening change in controlling law. *United Nat. Ins.Co. V. Spectrum Worldwide*, 555 F.3d 772, 780 (9th Cir. 2009). Amending a judgment under Rule 59 is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). " Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.*

## III. Discussion

Plaintiff's summary judgment briefing raised four issues (See ECF No. 16, p. 8). The instant Motion raises aspects, or in some cases variations, of three of those arguments.

### A. Dr. Trula Thompson

First, Plaintiff admits that he inadvertently represented in his Motion for Summary Judgment that Dr. Thompson was a treating physician. (ECF No. 28, p. 5)("inadvertent placing of the issuing surrounding Dr. Thompson's opinion...the issue should have been placed within its own section..."). Plaintiff now argues that Dr. Thompson was a reviewing state agency physician and that her medical source statement could not be ignored by the ALJ.

Dr. Thompson reviewed Plaintiff's medical records and did not interview him or examine him. She prepared a report dated March 18, 2009, which was one-

ORDER - 2

—

week prior to the hearing before ALJ Chester. Dr. Thompson's brief report notes that some of Plaintiff's physical limitations were "est 3 months duration" and that ongoing psych care "with est duration to 12 months" and that he "may meet SSI as unable to sustain SGA for 12+ months". (ECF No. 11, p. 513).

To be found disabled within the meaning of the Social Security Act, Plaintiff must have a " medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Dr. Thompson's cursory report does not undermine the ALJ's decision which this court has previously determined is supported by substantial evidence. As stated in the Memorandum Opinion (ECF No. 26, p. 9), an ALJ need not accept the opinion of a physician if that opinion is brief, conclusory, and inadequately supported by clinical findings or the record as a whole. The decision of an ALJ can be upheld, even where the ALJ has failed to discuss the records of treating providers. See *Roberts v. Commissioner*, 434 Fed.Appx. 657 (9th Cir. 2011)("While the ALJ may have erred by failing to mention the treatment notes of Drs. Coelho, Parvin, and Saunders...any such error was harmless..."). Here, the ALJ did not discuss the cursory report of a reviewing physician. Plaintiff's Motion, as to this issue, is denied.

### B. Step Four - Past Relevant Work

Plaintiff's argument in his Motion for Summary Judgment was that the ALJ erred at step **four** in that his work as a security guard was not past relevant work because it occurred more than 15 years ago. In the instant Motion, this argument has now morphed into an argument that at step **five** the ALJ posed an improper hypothetical. Plaintiff now contends that both the court and the ALJ failed to address his "need to drag an oxygen tank around with him." (ECF No. 28, p. 9). This issue was not one of the four issues framed by Plaintiff for review. (See ECF No. 16, p. 8). However, Plaintiff did discuss the allegedly improper hypothetical

ORDER - 3

in his brief, and the court addressed it briefly in the Memorandum Opinion (ECF No. 26, p. 14).

The alleged "need to drag an oxygen tank around" is simply not supported by the record. The court has again reviewed Plaintiff's Motion for Summary Judgment and Plaintiff's Reply brief. The only citation to the need for portable oxygen is to pages 541, 544, and 565 of the medical record. (See ECF No. 16, p. 7). Those records are from May 2009, two months **after** the hearing before the ALJ. The ALJ can hardly be faulted for not including information about portable oxygen that was used after the hearing. Additionally, the medical records reflect that from May 15, 2009 to May 17, 2009, Plaintiff was admitted to the hospital for "bronchitis versus pneumonitis". (ECF 11, p. 560). It was after that hospitalization for bronchitis that he was discharged on home oxygen. On May 4, 2009, Plaintiff had been seen by Dr. Lehmann whose office notes reflect: "The patient tells me he now feels well, with very rare episodes of palpitations, and no further episodes worrisome for syncope or near syncope. He feels well, and otherwise has no complaints of chest discomfort, shortness of breath....". (ECF No. 11, p. 571). Thus the medical record does not establish a history of needing a portable oxygen tank, but rather demonstrates that after an episode of bronchitis in May 2009, Plaintiff was placed on home oxygen.

An ALJ is required to include only those limitations he finds supported by substantial evidence in his hypothetical question. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162-63 (9th Cir. 2001). As home oxygen was not even prescribed to Plaintiff until after the hearing before the ALJ, the ALJ did not err in not including such limitation in the hypothetical questions posed to the vocational expert. See also *Quesada v. Colvin*, __ F.3d __ (9th Cir. Slip Op. June 4, 2013)(additional evidence that post-dated the ALJ's decision was not relevant). The May 2009 records cited above were considered by the Appeals Council and are therefore part of the record. *Brewes v. Commissioner*, 682 F.3d 1157 (9th Cir. 2012). However,

ORDER - 4

the Appeals Council may consider new and material evidence "only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 CFR § 416.1470. The May 2009 records concerning an episode of bronchitis do not relate to a period on or before the March 2009 hearing before the ALJ. The Motion, as to this issue, is denied.

### C. ALJ Recusal

Plaintiff again attempts to make a new argument and one that could have been made previously. In Plaintiff's Motion for Summary Judgment, he argued that the ALJ failed to give reasons in writing for why he denied the request to recuse himself. Plaintiff argued that the Social Security Administration's Hearings, Appeals, and Litigation Law Manual ("HALLEX") required the ALJ to set forth the reasons for denying the recusal motion in writing. This court pointed out in its Memorandum Opinion that the ALJ did give reasons in writing, at pages one and two of the ALJ's decision.

Plaintiff's counsel now states that he and his associate "all missed that in this case the ALJ gave reasons for not recusing himself." (ECF No. 28, p. 10). Having made a factually inaccurate argument, counsel now wants to argue that the reasons given were invalid. An argument that the ALJ erred in giving no reasons, is clearly different than an argument challenging the substance of the reasons that were given. The purpose of Rule 59 is not to grant litigants the proverbial "second bite at the apple." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001).

Additionally, Plaintiff argues that because this court cited favorably to another case from this District in which the same argument to recuse ALJ Chester had been rejected, *Buck v. Astrue*, 10-3045, and that case is on appeal to the Circuit, this court should reserve judgment on the instant Motion until the Ninth Circuit rules. The Ninth Circuit heard oral argument in *Buck v. Astrue* on May 9, 2013. This court has reviewed the audio recording of that hearing, and notes that only approximately 1 minute of the 30 minutes of oral argument was devoted to

the issue concerning the recusal of ALJ Chester. This court's decision on the recusal issue was not based exclusively on *Buck v. Astrue*, but was also based on its review of the record. (See ECF No. 26, p. 13)("The court agrees [with *Buck v. Astrue*] that Plaintiff has not made the showing required for ALJ Chester to recuse."). Plaintiff's counsel did not provide evidence to substantiate his claims that ALJ Chester ruled against him in "almost all" his cases, even though his overall record in disability cases was allegedly quite successful. Counsel also did not sufficiently support his claim that ALJ Chester had a pattern of disfavoring treating providers when he ordered consultative exams. The court does not agree that a stay in this case to await the decision of the Ninth Circuit is merited.

**IT IS HEREBY ORDERED:**

    1. Plaintiff's Motion to Alter or Amend the Judgment (ECF No. 28) is **DENIED**.

    **IT IS SO ORDERED**. The District Court Executive is directed to file this Order, furnish copies to counsel, and close this file.

    DATED this 3rd day of July, 2013.

                       s/ Justin L. Quackenbush
                        JUSTIN L. QUACKENBUSH
              SENIOR UNITED STATES DISTRICT JUDGE